

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

ROBERT GENTILE,
    Plaintiff,

v.                                    Civ. Action No. 05cv11885-NG

SUN HOCKEY, INC. and JOHN M. GILL,
    Defendants.

GERTNER, D.J.:

### MEMORANDUM AND ORDER RE: ATTORNEYS' FEES
January 20, 2010

Plaintiff Robert Gentile ("Gentile") has applied for attorneys' fees and costs under 35 U.S.C.A. § 285 in connection with the instant litigation (document #79). Defendants Sun Hockey, Inc. and John M. Gill ("Gill") have not filed any objection. Findings of Fact and Conclusions of Law were filed reflecting a judgment for plaintiff (document #78). Final judgment for Gentile (document #86) followed and in connection with that judgment, I concluded: "Reasonable attorneys' fees are hereby awarded in favor of plaintiff Robert Gentile." I then ordered plaintiff to submit an appropriate affidavit providing a basis for the fees and costs.

Plaintiff's counsel did so, representing that the average intellectual property billing rate in Boston in 2007 was $351.00 per hour, which was the rate he sought. He provided time slips for 507.49 hours of work on this case. This total did not include (a) telephone calls and in-person consultations with the client, or (b) the hours spent by supporting counsel prior to and during trial. The hourly rate of $351.00 multiplied by 507.49 hours brought the attorneys' fees to $178,128.99. Plaintiff's counsel also represented that the total costs were $1,440.92. The total was $179,569.91. Counsel states that this is well below the $500,000 "first quartile" average for total costs in patent infringement cases in Boston where less than $1 million is at risk.

Section 285 permits the award of attorneys fees in "exceptional cases."[1] The main purposes of 35 U.S.C. § 285 have been described as follows: "[O]ne, it discourages infringement by penalizing the infringer; and two, it prevents 'gross injustice' when the accused infringer has litigated in bad faith." Beckman Instruments, Inc. v. LKB Produckter AB, 892 F.2d 1547, 1552 (Fed. Cir. 1989). And while attorneys' fees are generally awarded pursuant to a finding that the infringing party engaged in willful infringement, they can be awarded based on litigation misconduct. Id. at 1552-53; Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp., 267 F.3d 1370, 1380 (Fed. Cir. 2001) ("Litigation misconduct and unprofessional behavior are relevant to the award of attorney fees and may suffice, by themselves, to make a case exceptional.")

Allegations of misconduct in connection with litigation could include the employment of litigation strategies intended to delay or avoid a decision on the merits, particularly where the misconduct results in increased expense on the part of the prevailing party or strategies strongly suggesting lack of candor. See, e.g., Beckman Instruments, 892 F.2d at 1551; Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc., 393 F.3d 1378, 1381 (Fed. Cir. 2005); Aptix Corp. v. Quicktum Design Sys., Inc., 269 F.3d 1369, 1378 (Fed. Cir. 2001).

In this case, I have found both willful infringement and bad faith litigation tactics. For example, an April 9, 2009, email from Gill, just before trial was to begin, announced that he had "no intentions of giving [Gentile] one dime and I have made that clear for the last 8 years . . . win, lose or draw you will get nothing." Trial Exhibit 12. Moreover, as I wrote in the Findings of Fact and Conclusions of Law,

---

[1] 35 U.S.C. § 285 provides: "The court in exceptional cases may avoid reasonable attorney fees to the prevailing party."

-2-

> [t]he licensing agreement with Franklin plainly contemplated a Gentile lawsuit. Gill continued to manufacture the Zero Ball even after this Court's 2003 order, and then covered it up. In fact, his testimony at trial in a number of respects was less than candid -- ranging from totally evasive to outright misrepresentation. And that approach mirrored his approach to the litigation in general - not answering the complaint, dilatory tactics, misrepresenting that he would be securing counsel for the corporation, and then not doing so, agreeing to mediation, yet failing to appear for it.

Document #78.

## CONCLUSION

I find the number of hours expended and the hourly rate to be reasonable. I hereby **award ONE HUNDRED SEVENTY-NINE THOUSAND, FIVE HUNDRED SIXTY-NINE AND 91/100 ($179,569.91) DOLLARS to plaintiff Robert Gentile.**

SO ORDERED.

Date: January 20, 2010          /s/ Nancy Gertner
                                NANCY GERTNER, U.S.D.C.

-3-