IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT GENTILE, | ) | |
| | ) | |
| Plaintiff/ | ) | 8:10CV204 |
| Judgment Creditor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SUN PRODUCTS, INC., SUN | ) | MEMORANDUM OPINION |
| HOCKEY, INC., and JOHN M. | ) | |
| GILL, | ) | |
| | ) | |
| Defendants/ | ) | |
| Judgment Debtors, | ) | |
| | ) | |
| SERGEANT'S PET CARE PRODUCTS, | ) | |
| INC., | ) | |
| | ) | |
| Garnishee. | ) | |

This matter is before the Court on Western Bank's Amended Motion for Leave to File Complaint in Intervention (Filing No. 25).[1]  Western Bank seeks to intervene pursuant to Fed. R. Civ. P. 24 because it "holds a perfected security interest over funds presently being garnished" by plaintiff. Western Bank claims the garnished funds should be submitted to Western Bank to be applied on the debt defendants owe to Western Bank.  Plaintiff Robert Gentile opposes Western Bank's proposed intervention, and filed a brief in opposition (Filing No. 28). Western Bank did not file a reply brief.

---

[1] The Amended Motion for Leave replaces Western Bank's Motion for Leave to File Complaint in Intervention (Filing No. 21), which the Court will deny as moot.

Under Rule 24, a party may intervene in a civil action. Rule 24 contemplates situations under which intervention is mandatory, Fed. R. Civ. P. 24(a), and under which intervention is permissive, Fed. R. Civ. P. 24(b). Under Rule 24(c), a motion to intervene "must state the grounds for the intervention." Western Bank's motion does not identify whether it seeks to intervene under subsection (a) or (b) of Rule 24, and does not otherwise state the grounds for its intervention. This deficiency in Western Bank's motion is sufficient, in and of itself, to deny the motion. *See Jamaica Hosp. Med. Ctr., Inc. v. United Health Group, Inc.*, 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008) (denying motion to intervene that stated neither facts nor law in support of intervention).

Regardless of whether Western Bank seeks mandatory or permissive intervention, the Court would still deny the motion because it is untimely. Both subsections (a) and (b) of Rule 24 require a motion to intervene to be filed "timely." By way of an Order filed on June 3, 2010 (Filing No. 12), this Court effectively disposed of the action. Western Bank filed its initial motion to intervene on January 31, 2011, almost eight months later. In determining whether a motion to intervene is timely, courts "consider all surrounding circumstances, but especially the stage of the litigation, the reason for the delay in seeking intervention, and any possible prejudice to the

-2-

parties already in litigation." *Tweedle v. State Farm Fire & Cas. Co.*, 527 F.3d 664, 671 (8th Cir. 2008). Although Rule 24 does not specifically proscribe an intervention after litigation has terminated, an applicant for such a late intervention is required to make a strong showing. *See Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 840 (4th Cir. 1999) (denying as untimely an intervention application filed more than sixty days after the entry of final judgment).

As noted, Western Bank provides little if any basis as to why the Court should grant intervention at this late stage, and no reason is given for its delay in filing this motion to intervene. For these reasons, the Court will deny the motion. A separate order will be entered in accordance with this memorandum opinion.

DATED this 1st day of March, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court